# EXHIBIT C



**SUM-100**

# SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ADIDAS AMERICA, INC., an Oregon corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERIC CHAVEZ, as an individual and on behalf of all others similarly situated,

| |
|---|
| **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |
| E-FILED |
| 10/11/2016 11:45:01 AM |
| David H. Yamasaki |
| Chief Executive Officer/Clerk |
| Superior Court of CA, |
| County of Santa Clara |
| 16CV300872 |
| Reviewed By:Rowena Walker |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso)* 16CV300872 |
|---|---|

Superior Court of California, County of Santa Clara
191 N. First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee (SBN 228175)/Diversity Law Group,515 S. Figueroa St. #1250,LA, CA 90071,213-488-6555

| DATE: 10/11/2016 *(Fecha)* | David H. Yamaski Chief executive Officer | Clerk, by *(Secretario)* | /s/ Rowena Walker | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Adidas America, Inc., an Oregon Corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

      ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

E-FILED
10/11/2016 11:45:01 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA,
County of Santa Clara
16CV300872
Reviewed By:Rowena Walker

1  Larry W. Lee (State Bar No. 228175)
2  Kristen M. Agnew (State Bar No. 247656)
   **DIVERSITY LAW GROUP, P.C.**
3  515 S. Figueroa Street, Suite 1250
   Los Angeles, CA 90071
4  (213) 488-6555
   (213) 488-6554 facsimile

5  WILLIAM L. MARDER, ESQ. (CBN 170131)
6  **Polaris Law Group LLP**
   501 San Benito Street, Suite 200
7  Hollister, CA 95023
   Tel: (831) 531-4214
8  Fax: (831) 634-0333

9  Dennis S. Hyun (State Bar No. 224240)
   **HYUN LEGAL, APC**
10 515 S. Figueroa Street, Suite 1250
   Los Angeles, CA 90071
11 (213) 488-6555
   (213) 488-6554 facsimile
12
   Attorneys for Plaintiff and the Class
13

14              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                   **FOR THE COUNTY OF SANTA CLARA**

16   ERIC CHAVEZ, as an individual and on    Case No.:
     behalf of all others similarly situated,
17                                            **CLASS ACTION COMPLAINT FOR**
              Plaintiffs,                     **DAMAGES FOR:**
18
19         vs.                                (1) **VIOLATION OF CAL. LABOR CODE §**
                                                  **226(a);**
20   ADIDAS AMERICA, INC., an Oregon         (2) **VIOLATION OF CAL. LABOR CODE §§**
     corporation; and DOES 1 through 50,         **1194, 1197 AND 1197.1;**
21   inclusive,                              (3) **VIOLATION OF CAL. LABOR CODE §§**
                                                  **510, 558, AND 1194;**
22            Defendants.                    (4) **VIOLATION OF CAL. LABOR CODE §§**
                                                  **226.7 AND 512;**
23                                           (5) **VIOLATION OF CAL. LABOR CODE §**
                                                  **226.7;**
24                                           (6) **VIOLATION OF CAL. LABOR CODE §§**
                                                  **201-203;**
25                                           (7) **VIOLATION OF CAL. LABOR CODE §**
                                                  **2698,** *ET SEQ.;*
26                                           (8) **VIOLATION OF CAL. BUS. & PROF.**
                                                  **CODE § 17200,** *ET SEQ.*
27
                                             **DEMAND FOR JURY TRIAL**
28
                                             **DEMAND OVER $25,000.00**

1

1    Plaintiff Eric Chavez ("Plaintiff") hereby submits this Class Action Complaint

2    ("Complaint") against Defendants Adidas America, Inc. and Does 1 through 50 (hereinafter

3    collectively referred to as "Defendants") on behalf of himself and the class of all other similarly

4    situated current and former employees of Defendants for minimum wages, overtime wages,

5    premium pay for missed meal and rest periods, penalties under the California Labor Code, and

6    for restitution as follows:

7                                    **INTRODUCTION**

8        1.        This class action is within the Court's jurisdiction under California Labor Code

9    §§ 201-203, 212-213, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 2698, *et seq.*, the

10   applicable Wage Orders of the California Industrial Welfare Commission ("IWC"), and the

11   California Unfair Competition Law (the "UCL"), Business and Professions Code § 17200, *et seq.*

12       2.        This complaint challenges systemic illegal employment practices resulting in

13   violations of the California Labor Code and the UCL against individuals who worked for

14   Defendants.

15       3.        Plaintiff is informed and believes, and based thereon alleges, that Defendants,

16   jointly and severally, have acted intentionally and with deliberate indifference and conscious

17   disregard to the rights of all employees in receiving minimum wages and overtime wages for all

18   hours worked, premium pay for missed meal periods, and timely payment of wages.

19       4.        Plaintiff is informed and believes, and based thereon alleges, that Defendants

20   have engaged in, among other things a system of willful violations of the California Labor Code

21   and the UCL by creating and maintaining policies, practices and customs that knowingly deny

22   employees the above stated rights and benefits.

23       5.    ·   The policies, practices and customs of defendants described above and below

24   have resulted in unjust enrichment of Defendants and an unfair business advantage over

25   businesses that routinely adhere to the strictures of the California Labor Code and the UCL.

26                              **JURISDICTION AND VENUE**

27       6.        The Court has jurisdiction over the violations of the California Labor Code §§

28   201-203, 212-213, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 2698, *et seq.*, and the

1    UCL.

2        7.       Venue is proper in Santa Clara County because Plaintiff worked at Defendants'

3    store located in Gilroy, California, which is located in the County of Santa Clara.  In addition,

4    Defendants do business in California, including maintaining retail locations in the County of

5    Santa Clara.

6                                              **PARTIES**

7        8.       Plaintiff was hired by the Company to work as non-exempt employee at

8    Defendant's store located in Gilroy, California, County of Santa Clara.  Plaintiff worked for

9    Defendants from in or around October 2015, until on or about July 19, 2016.

10        9.       Plaintiff was and is the victim of the policies, practices, and customs of

11    Defendants complained of in this action in ways that have deprived them of the rights guaranteed

12    by California Labor Code §§ 201-203, 212-213, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1,

13    and 2698, *et seq.*, and the UCL.

14        10.      Plaintiff is informed and believes, and based thereon alleges, that Defendant

15    Adidas is an Oregon corporation, which operates retail stores throughout the United States,

16    including numerous locations in the State of California and in the County of Santa Clara.

17        11.      Plaintiff is informed and believes, and based thereon alleges, that at all times

18    herein mentioned Defendant and Does 1 through 50, are and were corporations, business entities,

19    individuals, and partnerships, licensed to do business and actually doing business in the State of

20    California.  As such, and based upon all the facts and circumstances incident to Defendants'

21    business, Defendants are subject to California Labor Code §§ 201-203, 212-213, 226, 226.7, 510,

22    512, 558, 1194, 1197, 1197.1, and 2698, *et seq.*, and the UCL.

23        12.      Plaintiff does not know the true names or capacities, whether individual, partner

24    or corporate, of the Defendant sued herein as Does 1 through 50, inclusive, and for that reason,

25    said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this

26    complaint when the true names and capacities are known.  Plaintiff is informed and believes and

27    based thereon alleges that each of said fictitious Defendants was responsible in some way for the

28    matters alleged herein and proximately caused Plaintiff and members of the general public and

3

1   class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

2       13.    At all times herein mentioned, each of said Defendants participated in the doing

3   of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

4   Defendants, and each of them, were the agents, servants and employees of each of the other

5   Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were

6   acting within the course and scope of said agency and employment.

7       14.    Plaintiff is informed and believes, and based thereon alleges, that at all times

8   material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or

9   joint venturer of, or working in concert with each of the other co-Defendants and was acting

10  within the course and scope of such agency, employment, joint venture, or concerted activity.

11  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of

12  the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

13  Defendants.

14      15.    At all times herein mentioned, Defendants, and each of them, were members of,

15  and engaged in, a joint venture, partnership and common enterprise, and acting within the course

16  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17      16.    At all times herein mentioned, the acts and omissions of various Defendants, and

18  each of them, concurred and contributed to the various acts and omissions of each and all of the

19  other Defendants in proximately causing the injuries and damages as herein alleged.  At all times

20  herein mentioned, Defendants, and each of them, ratified each and every act or omission

21  complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and

22  abetted the acts and omissions of each and all of the other Defendants in proximately causing the

23  damages as herein alleged.

24                          **CLASS ACTION ALLEGATIONS**

25      17.    **Definition:**  The named individual Plaintiff seeks class certification, pursuant to

26  California Code of Civil Procedure § 382.  Plaintiff proposes the following Classes:

27  / / /

28  / / /

4

**CLASS ACTION COMPLAINT**

a.   All current and former non-exempt retail store employees who were employed by Defendants in the State of California at any time from October 11, 2012, through the present (the "Class");

b.   Plaintiff also proposes a class of all former employees who were employed by Defendants in the State of California at any time from October 11, 2013, through the present, whose employment was separated for any reason (voluntary or involuntary), including without limitation, resignation, termination, and/or lay-off, and upon their separation of employment received their final wages in the form of an ATM card (the "ATM Card Class").

18.   **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendants:  (a) failed to provide accurate itemized wage statements in violation of Labor Code § 226(a); (b) failed to pay employees minimum wages for time spent undergoing security checks after they were clocked-out in violation of Labor Code §§ 1194, 1197, and 1197.1; (c) failed to pay employees overtime wages for time spent undergoing security checks after they were clocked-out in violation of Labor Code §§ 510, 558, and 1194; (d) failed to provide off-duty 30-minute meal breaks to employees who worked 5 hours or longer in one shift in violation of Labor Code §§ 226.7 and 512 as a result of having to undergo security checks prior to being allowed to take their meal breaks; (e) failed to provide off-duty 10-minute rest breaks to employees who worked 3.5 hours or longer in violation of Labor Code § 226.7 as a result of having to undergo security checks prior to being allowed to take their rest breaks; (f) violated Labor Code §§ 212 and 213(d) by issuing ATM cards as payment of wages to employees without their voluntary authorization and which were not negotiable and payable in cash, on demand, and without discount at established businesses in the State of California; (g) violated Labor Code §§ 201-203 by failing to pay all wages owed and due to employees within the time requirements set forth in these statutes; and

5

1  (h) engaged in unfair business practices in violation of the California Labor Code, the applicable

2  IWC Wage Orders, and the UCL.

3      19.    **Adequacy of Representation:**  The named Plaintiff is fully prepared to take all

4  necessary steps to represent fairly and adequately the interests of the class defined above.

5  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the

6  individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class

7  actions in the past and currently have a number of wage-and-hour class actions pending in

8  California state and federal courts.

9      20.    Defendants uniformly administered a corporate policy, practice of:  (a) failing to

10  provide accurate itemized wage statements in violation of Labor Code § 226(a); (b) failing to pay

11  employees minimum wages for time spent undergoing security checks after they were clocked-

12  out in violation of Labor Code §§ 1194, 1197, and 1197.1; (c) failing to pay employees overtime

13  wages for time spent undergoing security checks after they were clocked-out in violation of

14  Labor Code §§ 510, 558, and 1194; (d) failing to provide off-duty 30-minute meal breaks to

15  employees who worked 5 hours or longer in one shift in violation of Labor Code §§ 226.7 and

16  512 as a result of having to undergo security checks prior to being allowed to take their meal

17  breaks; (e) failing to provide off-duty 10-minute rest breaks to employees who worked 3.5 hours

18  or longer in violation of Labor Code § 226.7 as a result of having to undergo security checks

19  prior to being allowed to take their rest breaks; (f) violating Labor Code §§ 212 and 213(d) by

20  issuing ATM cards as payment of wages to employees without their voluntary authorization and

21  which were not negotiable and payable in cash, on demand, and without discount at established

22  businesses in the State of California; (g) violating Labor Code §§ 201-203 by failing to pay all

23  wages owed and due to employees within the time requirements set forth in these statutes; and

24  (h) engaging in unfair business practices in violation of the California Labor Code, the applicable

25  IWC Wage Orders, and the UCL.

26      21.    Plaintiff is informed and believes, and based thereon alleges, that this corporate

27  conduct is accomplished with the advance knowledge and designed intent to willfully and

28  intentionally fail to accurately record proper rates of pay, hours worked, net wages, and

CLASS ACTION COMPLAINT

1   deductions.

2       22.      Plaintiff is informed and believes, and based thereon alleges, that Defendants had

3   a consistent and uniform policy, practice and procedure of willfully failing to comply with Labor

4   Code §§ 201-203, 212-213, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 2698, *et seq.*, and

5   the UCL.

6       23.      **Common Question of Law and Fact:**  There are predominant common questions

7   of law and fact and a community of interest amongst Plaintiff and the claims of the Class

8   concerning Defendant's policy and practice of:  (a) failing to provide accurate itemized wage

9   statements in violation of Labor Code § 226(a); (b) failing to pay employees minimum wages for

10  time spent undergoing security checks after they were clocked-out in violation of Labor Code §§

11  1194, 1197, and 1197.1; (c) failing to pay employees overtime wages for time spent undergoing

12  security checks after they were clocked-out in violation of Labor Code §§ 510, 558, and 1194;

13  (d) failing to provide off-duty 30-minute meal breaks to employees who worked 5 hours or

14  longer in one shift in violation of Labor Code §§ 226.7 and 512 as a result of having to undergo

15  security checks prior to being allowed to take their meal breaks; (e) failing to provide off-duty

16  10-minute rest breaks to employees who worked 3.5 hours or longer in violation of Labor Code §

17  226.7 as a result of having to undergo security checks prior to being allowed to take their rest

18  breaks; (f) violating Labor Code §§ 212 and 213(d) by issuing ATM cards as payment of wages

19  to employees without their voluntary authorization and which were not negotiable and payable in

20  cash, on demand, and without discount at established businesses in the State of California; (g)

21  violating Labor Code §§ 201-203 by failing to pay all wages owed and due to employees within

22  the time requirements set forth in these statutes; and (h) engaging in unfair business practices in

23  violation of the California Labor Code, the applicable IWC Wage Orders, and the UCL.

24      24.      **Typicality:**  The claims of Plaintiff are typical of the claims of all members of the

25  Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner

26  as the Class members.  As with all other non-exempt retail store employees in the State of

27  California, Plaintiff was required to undergo security checks after he clocked-out, including

28  being required to clock-out and undergo the security check after his shift ended, as well as being

1   required to undergo security checks after he had already clocked out to take his purported "off-

2   duty" 30-minute meal breaks and undergo a security check prior to taking "off duty" 10-minute

3   rest breaks.  Although Plaintiff was required to stay at work to undergo these checks, he was not

4   paid any applicable minimum wages and/or overtime for these security checks.  Although it is

5   well-settled that Defendants should have paid applicable minimum and overtime wages, for time

6   spent in these security checks, as well as meal and rest period premium pay for the shortened

7   meal and rest breaks as a result of having to undergo these security checks to Plaintiff and Class

8   Members, Defendants failed to do so.  Additionally, in connection with Plaintiff's termination of

9   employment, he received his final pay in the form of an ATM paycard.  Plaintiff, however, never

10  consented to receiving his pay in the form of an ATM paycard.  Therefore, Plaintiff is a victim of

11  Defendants' violation of Labor Code §§ 212 and 213.  Given that Defendants willfully failed to

12  pay Plaintiff and Class Members all wages owed, Defendants are liable for waiting time-

13  penalties pursuant to Labor Code §§ 201-203, including with respect to Plaintiff.  Therefore,

14  Plaintiff is a member of the Class and have suffered the alleged violations of California Labor

15  Code §§ 201-203, 212-213, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 2698, et seq.

16       25.    The California Labor Code and upon which Plaintiff bases these claims are

17  broadly remedial in nature.  These laws and labor standards serve an important public interest in

18  establishing minimum working conditions and standards in California.  These laws and labor

19  standards protect the average working employee from exploitation by employers who may seek

20  to take advantage of superior economic and bargaining power in setting onerous terms and

21  conditions of employment.

22       26.    The nature of this action and the format of laws available to Plaintiff and

23  members of the Class identified herein make the class action format a particularly efficient and

24  appropriate procedure to redress the wrongs alleged herein.  If each employee were required to

25  file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable

26  advantage since it would be able to exploit and overwhelm the limited resources of each

27  individual plaintiff with their vastly superior financial and legal resources.  Requiring each Class

28  member to pursue and individual remedy would also discourage the assertion of lawful claims by

8

CLASS ACTION COMPLAINT

1  employees who would be disinclined to file an action against their former and/or current

2  employer for real and justifiable fear of retaliation and permanent damage to their careers at

3  subsequent employment.

4       27.    The prosecution of separate actions by the individual class members, even if

5  possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect

6  to individual Class members against the Defendants and which would establish potentially

7  incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to

8  individual Class members which would, as a practical matter, be dispositive of the interest of the

9  other Class members not parties to the adjudications or which would substantially impair or

10  impede the ability of the Class members to protect their interests.  Further, the claims of the

11  individual members of the Class are not sufficiently large to warrant vigorous individual

12  prosecution considering all of the concomitant costs and expenses.

13       28.    Such a pattern, practice and uniform administration of corporate policy regarding

14  illegal employee compensation described herein is unlawful and creates an entitlement to

15  recovery by Plaintiff and the Class identified herein, in a civil action, for unpaid minimum

16  wages, overtime wages, applicable penalties, reasonable attorneys' fees, and costs of suit

17  according to the mandate of California Labor Code §§ 201-203, 218.5, 226, 510, 558, 1194,

18  1197, 1197.1, 2698, and Code of Civil Procedure § 1021.5.

19       29.    Proof of a common business practice or factual pattern, which the named Plaintiff

20  experienced and is representative of, will establish the right of each of the members of the

21  Plaintiff Class to recovery on the causes of action alleged herein.

22       30.    The Plaintiff Class is commonly entitled to a specific fund with respect to the

23  compensation illegally and unfairly retained by Defendants.  The Plaintiff Class is commonly

24  entitled to restitution of those funds being improperly withheld by Defendants.  This action is

25  brought for the benefit of the entire class and will result in the creation of a common fund.

### FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226(a)

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

9

1    31.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as
2  though fully set forth herein.

3    32.    Defendants failed in their affirmative obligation to provide <u>accurate</u> itemized
4  wage statements.  Defendants, as a matter of policy and practice, did not provide accurate
5  records in violation of Labor Code § 226 by failing as a matter of policy and practice to provide
6  accurate payroll records for Plaintiff and the Class.

7    33.    Plaintiff and the Class were paid hourly.  As such, the wage statements should
8  have reflected the total number of hours worked and gross and net wages earned, pursuant to
9  Labor Code § 226(a).  The wage statements provided to Plaintiff and the Class failed to identify
10  such information, including without limitation, all wages owed for unpaid minimum wages and
11  overtime and missed meal and rest period premium pay.

12    34.    Such a pattern, practice and uniform administration of corporate policy as
13  described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class
14  identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226,
15  including interest thereon, attorneys' fees, and costs of suit according to the mandate of
16  California Labor Code § 226.

17    **SECOND CAUSE OF ACTION**
18    **VIOLATION OF LABOR CODE §§ 1194, 1197, AND 1197.1**
19    **(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

20    35.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 as
21  though fully set forth herein.

22    36.    This cause of action is brought pursuant to Labor Code §§ 1194 and 1197, which
23  require an employer to pay employees minimum wages for all hours worked less than eight
24  hours in a day and/or less than 40 hours in a workweek.

25    37.    As a pattern and practice, Defendants suffered and permitted employees to work
26  without payment of minimum wages for all hours worked in a workday and workweek.
27  Specifically, Defendants failed to pay for time spent by employees undergoing security checks
28  after they had already clocked-out at the end of their shifts.  Defendants had a uniform corporate

1  pattern and practice and procedure regarding the above practices in violation of Labor Code §§

2  1194 and 1197.

3      38.    Such a pattern, practice and uniform administration of corporate policy regarding

4  illegal employee compensation as described herein is unlawful and creates an entitlement to

5  recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of

6  damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according

7  to the mandate of California Labor Code §§ 1194, 1197, and 1197.1.

8                    **THIRD CAUSE OF ACTION**

9          **VIOLATION OF LABOR CODE §§ 510, 558, AND 1194**

10     **(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

11     39.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as

12  though fully set forth herein.

13     40.    This cause of action is brought pursuant to Labor Code §§ 510 and 1194, which

14  require an employer to pay employees overtime at a rate of one and one-half the employee's

15  regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a

16  workweek.

17     41.    As a pattern and practice, Defendants suffered and permitted employees to work

18  in excess of eight hours in a workday and/or over 40 hours in a workweek without overtime pay.

19  Specifically, Defendants failed to pay overtime for time spent by employees undergoing security

20  checks after they had already clocked-out at the end of their shifts.  Defendants had a uniform

21  corporate pattern and practice and procedure regarding the above practices in violation of Labor

22  Code §§ 510 and 1194.

23     42.    Such a pattern, practice and uniform administration of corporate policy regarding

24  illegal employee compensation as described herein is unlawful and creates an entitlement to

25  recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of

26  damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according

27  to the mandate of California Labor Code §§ 510, 558, and 1194.

28                    **FOURTH CAUSE OF ACTION**

11

## VIOLATION OF LABOR CODE §§ 226.7 AND 512

## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

43.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44.     At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff, and other class members, had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order.  Specifically, Defendants required Plaintiff and Class Members to undergo security checks after they clocked out to begin their off-duty meal breaks, but before they could take their meal breaks.  Thus, Plaintiff and Class Members were denied their right to 30-minute, off-duty meal breaks for any and all shifts in which they worked 5 hours or longer. In other words, Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks because they remained under Defendants' control by virtue of having to undergo these security checks.  As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order.  Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each full 30-minute duty-free meal period Plaintiff and the Class Members missed.

45.     As a pattern and practice, Defendants regularly required employees to undergo security checks after clocking out for their meal breaks.  In other words, before the employees could actually begin taking the off-duty meal break, Defendants as a corporate policy and practice required these employees to undergo security checks even though the employees were clocked out and supposed to have been already taking their off-duty meal break.

46.     This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper off-duty meal periods is a violation of California law.

47.     Plaintiff is informed and believe and based thereon alleges that Defendants

1  willfully failed to pay employees who were not provided the opportunity to take meal breaks the

2  premium compensation set out in Labor Code §§ 226.7 and 512, and the applicable IWC Wage

3  Order and that Plaintiff and those employees similarly situated as them are owed wages for the

4  meal period violations set forth above.

5      48.    Such a pattern, practice and uniform administration of corporate policy as

6  described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class

7  Members identified herein, in a civil action, for the unpaid balance of the unpaid premium

8  compensation pursuant to Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order,

9  including interest thereon, penalties, and costs of suit.

10                      **FIFTH CAUSE OF ACTION**

11                  **VIOLATION OF LABOR CODE § 226.7**

12      **(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

13      49.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as

14  though fully set forth herein.

15      50.    At all relevant times, Defendants failed in their affirmative obligation to ensure

16  that Plaintiff, and other class members, had the opportunity to take and were provided with off-

17  duty 10-minute rest periods in accordance with the mandates of the California Labor Code and

18  the applicable IWC Wage Order.  Specifically, Defendants required Plaintiff and Class Members

19  to undergo security checks after they clocked out to begin their off-duty 10-minute rest breaks,

20  but before they could take their rest breaks.  Thus, Plaintiff and Class Members were denied their

21  right to 10-minute, off-duty rest breaks for any and all shifts in which they worked 3.5 hours or

22  longer.  In other words, Plaintiff and Class Members were suffered and permitted to work

23  through legally required rest breaks and were denied the opportunity to take their full 10-minute

24  off-duty rest breaks because they remained under Defendants' control by virtue of having to

25  undergo these security checks.  As such, Defendants are responsible for paying premium

26  compensation for missed rest periods pursuant to Labor Code § 226.7 and the applicable IWC

27  Wage Order.  Defendants, as a matter of corporate policy and procedure, regularly failed to pay

28  such premium compensation for each full 10-minute duty-free rest period Plaintiff and the Class

1   Members missed.

2       51.    As a pattern and practice, Defendants regularly required employees to undergo

3   security checks after clocking out for their rest breaks.  In other words, before the employees

4   could actually begin taking the off-duty rest break, Defendants as a corporate policy and practice

5   required these employees to undergo security checks even though the employees were clocked

6   out and supposed to have been already taking their off-duty rest break.

7       52.    This policy of requiring employees to work through their legally mandated rest

8   periods and not allowing them to take proper off-duty rest periods is a violation of California

9   law.

10      53.    Plaintiff is informed and believe and based thereon alleges that Defendants

11  willfully failed to pay employees who were not provided the opportunity to take rest breaks the

12  premium compensation set out in Labor Code § 226.7, and the applicable IWC Wage Order and

13  that Plaintiff and those employees similarly situated as them are owed wages for the rest period

14  violations set forth above.

15      54.    Such a pattern, practice and uniform administration of corporate policy as

16  described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class

17  Members identified herein, in a civil action, for the unpaid balance of the unpaid premium

18  compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including

19  interest thereon, penalties, and costs of suit.

20                          **SIXTH CAUSE OF ACTION**

21                  **VIOLATION OF LABOR CODE §§ 201-203**

22          **(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

23      55.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as

24  though fully set forth herein.

25      56.    Labor Code § 201 provides that all wages earned and unpaid at the time of an

26  employee's discharge are due and payable immediately.  Labor Code § 202 provides that, in the

27  case of an employee who resigns or quits, such wages must be paid not later than 72 hours

28  thereafter, unless the employee has given 72 hours previous notice, in which case the employee

                                    14

1    must be paid all wages due and earned at the time of quitting.  Labor Code § 203 provides that an

2    employer who willfully fails to pay such wages due to an employee who is discharged or quits

3    must pay that employee waiting-time penalties in the form of a day's wages up to 30 days until

4    all of the wages owed are paid.

5         57.    As a pattern and practice, Defendants regularly and willfully failed and refused to

6    pay all wages (including commissions) due and earned to discharged employees at the time of

7    their termination, or within 72 hours of employees who quit and/or have resigned, or at the time

8    of termination for those employees who gave 72 hours' notice.  More specifically, Defendants

9    violated Labor Code §§ 201-203 by, among other unlawful acts:  (a) refusing to pay minimum

10   and/or overtime wages for time spent by employees in security checks after having already

11   clocked-out and/or meal and rest period premium pay for the shortened meal breaks less than 30

12   minutes as a result of having to undergo these security checks; and (b) issuing ATM cards as

13   final payment of wages to employees who have been discharged and/or resigned.  As alleged

14   herein, these ATM cards were not usable at all locations, required fees for usage in some

15   instances, and did not allow employees to access all of the monies contained on such cards.

16        58.    As such, Defendants had a uniform corporate pattern and practice and procedure

17   regarding the above practices in violation of California Labor Code §§ 201-203.

18        59.    Such a pattern, practice and uniform administration of corporate policy regarding

19   illegal employee compensation as described herein is unlawful and creates an entitlement to

20   recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of

21   damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according

22   to the mandate of California Labor Code §§ 201-203, and 218.5.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 2698, *ET SEQ.*

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

26        60.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59 as

27   though fully set forth herein.

28        61.    Plaintiff brings this cause of action on behalf as a proxy for the State of California

1    and in this capacity, seeks penalties on behalf of all Aggrieved Employees from July 22, 2015,

2    through the present, for Defendants' violations of Labor Code §§ 201-203, 212-213, 226, 226.7,

3    510, 512, 558, 1194, 1197, and 1197.1, arising from Defendants:  (a) failure to provide proper

4    payroll records in violation of Labor Code § 226; (b) failure to pay minimum wages to

5    employees for all hours worked in violation of Labor Code §§ 1194, 1197, and 1197.1; (c)

6    failure to pay overtime to employees who worked over 40 hours in a workweek and/or 8 hours in

7    a day in violation of Labor Code §§ 510, 558, and 1194; (d) failure to provide off-duty meal

8    breaks in violation of Labor Code §§ 226.7 and 512; (e) failure to provide off-duty rest breaks in

9    violation of Labor Code § 226.7; (f) failure to pay all wages owed within the time requirements

10    set forth by Labor Code §§ 201-203.  Plaintiff also asserts an additional claim pursuant to the

11    PAGA for Defendants' violations of Labor Code §§ 212 and 213(d) by issuing payment of final

12    wages via ATM paycard without employee authorization or consent and which were not

13    negotiable and payable in cash, on demand, and without discount at established businesses in the

14    State of California.

15         62.      On or about July 22, 2016, Plaintiff sent written notices to the California Labor &

16    Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code §§ 201-

17    203, 212, 213, 226, 226.7, 510, 512, 558, 1194, 1197, and 1197.1, pursuant to Labor Code §

18    2698, *et seq*., the Private Attorney General Act ("PAGA").

19         63.      As such, pursuant to Labor Code § 2699(a), Plaintiff seeks recovery of any and all

20    applicable civil penalties for Defendants' violation of Labor Code §§ 201-203, 212, 213, 226,

21    226.7, 510, 512, 558, 1194, 1197, and 1197.1, for the time periods described above, on behalf of

22    himself and other Aggrieved Employees.

23    **EIGHTH CAUSE OF ACTION**

24    **VIOLATIONS OF THE UCL, BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.***

25    **(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

26         64.      Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 as

27    though fully set forth herein.

28         65.      Defendants, and each of them, have engaged and continue to engage in unfair and

16

CLASS ACTION COMPLAINT

1   unlawful business practices in California by practicing, employing and utilizing the employment

2   practices outlined above, include, to wit, by:  (a) failing to provide accurate itemized wage

3   statements in violation of Labor Code § 226(a); (b) failing to pay employees minimum wages for

4   time spent undergoing security checks after they were clocked-out in violation of Labor Code §§

5   1194, 1197, and 1197.1; (c) failing to pay employees overtime wages for time spent undergoing

6   security checks after they were clocked-out in violation of Labor Code §§ 510, 558, and 1194;

7   (d) failing to provide off-duty 30-minute meal breaks to employees who worked 5 hours or

8   longer in one shift in violation of Labor Code §§ 226.7 and 512 as a result of having to undergo

9   security checks prior to being allowed to take their meal breaks; (e) failing to provide off-duty

10   10-minute rest breaks to employees who worked 3.5 hours or longer in violation of Labor Code §

11   226.7 as a result of having to undergo security checks prior to being allowed to take their rest

12   breaks; (f) violating Labor Code §§ 212 and 213(d) by issuing ATM cards as payment of wages

13   to employees without their voluntary authorization and which were not negotiable and payable in

14   cash, on demand, and without discount at established businesses in the State of California; and

15   (g) violating Labor Code §§ 201-203 by failing to pay all wages owed and due to employees

16   within the time requirements set forth in these statutes.

17       66.    Defendants' utilization of such unfair and unlawful business practices constitutes

18   unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

19       67.    Plaintiff seeks, on behalf of himself and other members of the Class similarly

20   situated, full restitution of monies, as necessary and according to proof, to restore any and all

21   monies withheld, acquired and/or converted by the Defendants by means of the unfair practices

22   complained of herein.

23       68.    Plaintiff is informed and believes, and based thereon alleges, that at all times

24   herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices,

25   as proscribed by California Business and Professions Code §.17200, *et seq.*, including those set

26   forth herein above thereby depriving Plaintiff and other members of the class the minimum

27   working condition standards and conditions due to them under the California laws as specifically

28   described therein.

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.    For an order appointing Plaintiff as the representative of the classes as described herein;

2.    For an order appointing Counsel for Plaintiff as class counsel;

3.    Upon the First Cause of Action, for damages and/or penalties pursuant to statute as set forth in Labor Code § 226;

4.    Upon the Second Cause of Action, for damages and/or penalties pursuant to statute as set forth in Labor Code §§ 1194, 1197, and 1197.1 and for costs and attorneys' fees;

5.    Upon the Third Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 510, 558, and 1194, and for costs and attorneys' fees;

6.    Upon the Fourth Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 226.7 and 512, and for costs;

7.    Upon the Fifth Cause of Action, for damages and/or penalties pursuant to California Labor Code § 226.7, and for costs;

8.    Upon the Sixth Cause of Action, for damages and/or penalties pursuant to statute as set forth in Labor Code §§ 201-203, and for costs and attorneys' fees;

9.    Upon the Seventh Cause of Action, for civil penalties according to proof pursuant to Labor Code § 2698, *et seq.*, and for costs and attorneys' fees;

10.    Upon the Eighth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*;

11.    On all causes of action for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, 510, 558, 1194, 1197, and 2698, *et seq.*, and Code of Civil Procedure § 1021.5; and

12.    For such other and further relief the Court may deem just and proper.

CLASS ACTION COMPLAINT

1

2  DATED:  October 11, 2016                    DIVERSITY LAW GROUP, P.C.

3

4                                              By:
                                                        Larry W. Lee
5                                              Attorneys for Plaintiff and the Class

6

7

8                              **DEMAND FOR JURY TRIAL**

9

10        Plaintiff hereby demands a jury trial as provided by California law.

11

12  DATED:  October 11, 2016                    DIVERSITY LAW GROUP, P.C.

13

14                                             By:
                                                        Larry W. Lee
15                                             Attorneys for Plaintiff and the Class

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Larry W. Lee (SBN 228175) / Kristen M. Agnew (SBN 247656)<br>DIVERSITY LAW GROUP<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, California 90071<br>TELEPHONE NO.: (213) 488-6555   FAX NO.: (213) 488-6554<br>ATTORNEY FOR *(Name):* Plaintiff Eric Chavez | E-FILED<br>10/11/2016 11:45:01 AM<br>David H. Yamasaki<br>Chief Executive Officer/Clerk<br>Superior Court of CA,<br>County of Santa Clara<br>16CV300872<br>Reviewed By:Rowena Walker |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Eric Chavez v. Adidas America, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 16CV300872 |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE: Hon. Peter H. Kirwan<br>DEPT: 1 / Complex |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ✓ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ✓ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ✓ Large number of witnesses
   b. ✓ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ✓ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify):* Eight (8)

5. This case ✓ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 11, 2016

Larry W. Lee
_____   ►_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition